## MOORE *vs.* REYNOLDS *et al.*

Where A. was indebted to B., to secure which indebtedness the latter held the promissory notes of the former, and it was agreed that A. should give a mortgage upon real estate to secure the indebtedness, and that B. should give up and cancel the notes and waive all claim upon the personal responsibility of A.; *Held*, in an action to foreclose the mortgage, that B. was not entitled to a personal decree against A. for any balance which should remain unpaid after the sale of the mortgaged premises. But the court, not being able to see, on account of the imperfectness of the record returned, the true state of facts between the parties at the time the mortgage was given, a new trial was ordered, for the purpose of ascertaining, whether at the time of making the mortgage, it was agreed that the mortgagee should look to the mortgaged premises alone for the satisfaction of his debt, without any recourse to the personal responsibility of the mortgagor: and *held* further, that in case no such agreement was made, the mortgagee was entitled to a personal decree against the mortgagor for the balance remaining unpaid after the sale of the premises.

APPEAL from the district court of the county of Sacramento. The suit was brought to foreclose a mortgage. The complaint prayed that, in case the mortgaged premises should not sell for enough to pay the sum mentioned in the mortgage, a decree might be rendered against the defendant for the balance. The defendants alleged in their answer, that, previous to giving the mortgage, the plaintiff held the promissory notes of the defendant for the amount of $2250, without any further security for the payment of that sum, and that, in consideration of the defendants' giving the mortgage to secure that sum, the plaintiff gave up and cancelled the notes, and agreed to look to the mortgaged premises alone for the satisfaction of his demand, and waive all personal claim upon the defendants. Issue was taken by the plaintiff on these allegations in the answer, and

the cause was tried before the court without a jury. A decree for the sale of the mortgaged premises was made, but the court refused to render a decree against the defendants personally for any balance which might remain unpaid, in case the premises should not sell for enough to satisfy the debt; and after the sale of the premises a balance still remained unsatisfied. Whereupon the plaintiff appealed from the decree of the district court. The section of the statute, under which it was claimed that the court should have rendered a personal decree against the defendants was as follows: "The judgment by which a mortgage " is enforced, shall be, that the property mortgaged be sold for " satisfaction of the debt; and that if the proceeds be insufficient " to pay the debt, execution shall be issued for the residue." (*Sec.* 310 *of Practice Act of* 1850.) None of the testimony, taken at the trial, was returned upon the appeal, and the court could not determine from the record what the substantial rights of the parties were, and consequently deemed the case a proper one to be remanded for a new trial under the 279th section of the Practice Act.

*M. M. Zabriskie*, for plaintiff.

*Mr. Wynans*, for defendant.

*By the Court*, BENNETT, J. The suit was brought to foreclose a mortgage. The bill alleges an indebtedness from the defendants to the plaintiff, to secure which the mortgage is claimed to have been given. The answer admits that the plaintiff held the notes of the defendants for the amount charged in the complaint to be due, but states that the notes were delivered up to be cancelled, at the time the mortgage was given, with an understanding that the mortgagee was to look only to the mortgaged premises, and waive all claim upon the personal responsibility of the defendants. There seems to have been no evidence given— none is returned. The judgment of the district court was, that the mortgaged premises be sold; but the court refused to give judgment for execution against the defendants, in case the

mortgaged premises should not sell for sufficient to pay the mortgage debt.

We think a new trial should be ordered, for the purpose of ascertaining, 1st. Whether the defendants were indebted to the plaintiff at the time of giving the mortgage, and if so, in what amount; and 2d. Whether, if any indebtedness existed, it was agreed, at the time of giving the mortgage, that the plaintiff should look to the mortgaged premises alone for payment. In case there was an indebtedness, and it was not cancelled as above mentioned, the plaintiff is entitled to have execution for any balance due after the sale of the premises.

Ordered accordingly.